CONSTANZA V. CAPONE, Plaintiff, *v.* SIMANTOB REALTY CORPORATION and Others, Defendants.

Supreme Court, Kings County, September 8, 1932.

*David Brande*, for the plaintiff.

*Krieger & Klaw*, for the defendant Paramount Concrete Foundation Company, Inc.

CUFF, J. In this action to foreclose a mortgage the defendants have defaulted. Paramount Concrete Foundation Company, Inc., is a lienor. It, in an affirmative defense, seeks to foreclose its lien, and alleges that plaintiff and the record owner entered into a corrupt agreement to defraud it. The scheme was for plaintiff to convey three lots to the record owner. The latter would engage Paramount to move a building to the lots and renovate it. Paramount would not be paid for its work, and, if it filed a lien, plaintiff would commence suit to foreclose her mortgage (a prior lien), and thus wipe out Paramount and any other subsequent lienors. The result would be that plaintiff, assuming she bought in at the sale, would recover her lots together with a partly finished building on them. These charges in the answer raise a triable issue as far as rule 112 of the Rules of Civil Practice is concerned.

Rule 113 of the Rules of Civil Practice, which permits the pleadings to be amplified by affidavits, presents a slightly different question, because plaintiff has filed very impressive affidavits. Under this rule tremendous power is given to the court. With one stroke of the pen that great pillar of justice — the trial — may be removed. Not only should the court search the pleadings, but it should carefully consider the whole situation, the effects and results, before that short cut to justice be applied. Let us assume that plaintiff's affidavits outweigh Paramount's. What was the original position of the parties; what is it now, and what will it be after judgment? The story is told in plaintiff's affidavits. On July 14, 1931, she owned the three lots. On the same day she received $3,000 in cash and a $7,400 purchase-money mortgage payable in one year, for them. This action was commenced February 6, 1932. On February 24, 1932, she received $222 interest. As we approach this motion, plaintiff has $3,222, less a broker's commission of $250, and less what she paid her attorney. At this moment Paramount is out $935 for labor and materials. When judgment is entered, assuming plaintiff succeeds, she will have either the property or the

amount of her mortgage, less the attorney's fee. If she gets the property, the taxes for the time it was out of her possession will be unpaid. If she had not sold, she would have had to pay those taxes. But she will have the $3,222, less the brokerage and attorney's fee, too, so that she will easily be able to pay the taxes and have a goodly surplus. Then the redeemed property will have a building on it. Paramount values the land and unfinished building at $25,000, of which close to $15,000 is allowed for the building. Plaintiff says that the building is a liability and will have to be demolished. The papers indicate that $1,585 was spent on the building thus far. I cannot decide that that building has no value at all, in the face of defendants' spending so much money to move it. Plaintiff has lost the possible opportunity for about a year of selling her property to another purchaser. On the other hand, this contractor, Paramount, is admittedly out $935. Viewing the entire premises, I cannot bring myself to rule Paramount — an innocent party to whom money is due — out of court on paper proof. Paramount will entertain great difficulty in proving the corrupt agreement. But that opportunity should be afforded the contractor. It might prevail. If it did and were paid, plaintiff would still have a fine profit on the deal. While the contractor is entitled to a trial, the plaintiff likewise should have a speedy determination of the only issue left in the action. For that reason there should be no delay in trying the case. Brushing aside all the formal proof which at the trial should be admitted by Paramount, in about one-half hour the trial judge will be able to see if there is any substance in the charge advanced by Paramount.

In denying this motion, let the order provide for a preference. Motion denied.