■ ALEXANDER SOHMER et al., Copartners Doing Business as SOHMER FACTORS COMPANY, Respondents, v. GEDNEY HILLS, INC., et al., Defendants, and FRANK BRACALELLO, INC., Appellant.— In an action to foreclose three mortgages on real property, appellant, a mechanic's lienor and the only defendant that answered, moved to join the Washington Heights Federal Savings and Loan Association as a party defendant, and respondents cross-moved for various forms of relief. The appeal is from so much of an order as denied appellant's motion and granted respondents' cross motion to the extent of granting summary judgment striking out appellant's answer and awarding respondents additional allowances under sections 1512, 1512-a and 1513 of the Civil Practice Act. Order modified by striking therefrom the ordering paragraphs and by substituting therefor provisions granting appellant's motion and denying respondents' cross motion. As so modified, order insofar as appealed from unanimously affirmed, with $10 costs and disbursements to appellant. Judgment dated May 18, 1959, entered pursuant to the order granting summary judgment and additional allowances, vacated, without costs. The savings and loan association holds a building loan mortgage on the real property involved, prior in lien to at least one of the mortgages sought to be foreclosed. Appellant's mechanic's lien was filed subsequent both to the savings and loan association's mortgage and to respondents' mortgages. Appellant asserts, however, among other things, that its mechanic's lien is superior to the savings and loan association's mortgage, under section 22 of the Lien Law, by reason of the association's alleged failure to file the building loan agreements; and also because of the association's alleged fraudulent conduct in inducing appellant to perform work and services on the subject premises, for which its mechanic's lien was filed. Those allegations by appellant were not disputed in respondents' papers below and raise issues as to rights and priorities between it and the savings and loan association which must be ascertained and settled (cf. *McDermott* v. *Lawyers Mtge. Co.*, 232 N. Y. 336; *Ash* v. *Honig*, 62 F. 2d 793; *Capone* v. *Simantob Realty Corp.*, 146 Misc. 2). The proper forum for the determination of all the equities and priorities among the various incumbrancers is in this action, and the savings and loan association is an indispensable party thereto since a complete and effective determination of the controversy cannot be had without its presence (*McDermott* v. *Lawyers Mtge. Co.*, *supra*; *330 Bleecker St. Corp.* v. *Mutual Tile Corp.*, 260 N. Y. 258). As issues of law and fact are presented, at least in connection with appellant's claim against the savings and loan association, summary judgment may not be granted to the respondents. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ. Settle order on notice.